Robert F. Croskery  Reg. No.0064802
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(EASTERN DIVISION)**

**DUSHAWN SELLERS**

Case No. 2-12-cv-0005

Judge Sargus

Plaintiff,

**PLAINTIFF SELLER'S
MOTION FOR TEMPORARY
RESTRAINING ORDER,
PRELIMINARY, AND
PERMANENT INJUNCTION**

v.

**UNIVERSITY OF RIO GRANDE**

Defendant

## INTRODUCTION

Plaintiff DeShawn Sellers, a student at Defendant Rio Grande University, moves this Honorable Court for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction prohibiting Defendant Rio Grande University from declaring her not to be a nursing student in good standing, thus denying Plaintiff Sellers the right to take nursing classes, while her academic and disability grievances are heard and the underlying Complaint is decided.

## FACTS

The facts underlying Plaintiff DuShawn Sellers' request for injunctive relief are taken from the underlying verified Complaint.  Sellers is in her student program at Rio Grande as part of a VA-paid educational plan called VANEEP, attendant to the

conversion of her LPN job at the VA Hospital to one requiring an RN.[1]  Her plan must be completed by June, 2012, and she has a semester remaining.  However, Defendant Rio Grande is not allowing her to continue as a student, meaning that she will not be able to return to her job at the VA and will owe the VA for double the tuition that it has paid on her behalf.[2]

Plaintiff Sellers is an admitted student with a disability interfering with major life activities (epilepsy and an associated anxiety disorder)[3], a disability which eventually caused her to switch from an online program to a campus program.[4]  Defendant Rio Grande University admitted Seller's disability and devised for her an Individual Accommodation Plan (IAP).[5]  During the time that she received accommodations, including tutoring by a professional, separate test taking, and extended time, she easily passed her nursing courses, receiving A's and B's on her coursework.[6]  In the fall semester, 2011, Ms. Sellers took Nursing V from new Professors (McDonald and Seagraves).[7]  These Professors did not provide the agreed accommodations on her first exams, respiratory, neurology, and cardiac, all of which were factored into her final total.[8]  She did not receive a separate room or extended time, nor the agreed "tutor". Rather, she was embarrassed, humiliated, and stigmatized by cutting remarks such as "a tutor cant take the test for you" and "not everyone is meant to be a nurse".[9]  This last

---

[1] Para 5-9.
[2] Paras. 9, 35.
[3] Para. 4.
[4] Para. 12.
[5] Para. 16 and Exhibit A.
[6] Para. 11.
[7]  Para 15
[8] Paras. 18, 23
[9] Paras 19, 24, 35

remark was particularly hurtful, as Sellers has been functioning--and quite competently--as a nurse at the Cincinnati VA Hospital since 2007. [10] After engaging an attorney, Sellers finally was afforded a professional tutor for "Nursing V', but had only one meaningful session before her final exam.[11]  She failed the overall course by only three points, including eight points deducted from tests where it is indisputable that she did receive the accommodations that she should have received.[12]

Sellers filed academic and disability grievances with the University.  Neither have been heard, yet the University refuses to allow her to continue in her nursing program.[13] She must finish it by June, 2012, or lose her future employment at VA Hospital and be forced to pay back triple the tuition that the VA has advanced on her behalf.[14]

## ARGUMENT

In determining whether to grant a request for injunctive relief, the Court considers the following four factors: (1) whether plaintiff is likely to succeed on the merits; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest.[15]

1. **Plaintiff Sellers is likely to Succeed On the Merits, as She Clearly was Denied Reasonable, Agreed-Upon Accommodations to Her Disability, Yet Nearly Passed the One Course that She Has Failed.**

---

[10] Paras 5-6.
[11] Paras. 29-31.
[12] Para 32.
[13] Para 33 and Exhibit C.
[14] Para. 9.
[15] *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).

Under the Vocational Rehabilitation Act of 1973, Ms. Sellers was entitled to, and requested, reasonable accommodation for her disabilities (epilepsy and anxiety disorder). The Defendant agreed that she was disabled, and agreed upon reasonable accommodations; test extension, limited distraction (separate room) and tutoring. Yet these accommodations were not provided to her. Instead, a Professor was openly hostile, demeaning, and sarcastic towards her, elevating her anxiety and interfering with her test taking. Even so, she missed passing the course by a razor-thin margin, after passing all other courses, where she did receive accommodation. It is clear that a finder of fact is likely to find in her favor.

**2. Plaintiff Sellers will clearly Suffer Irreparable Injury Absent Injunctive Relief**

It is beyond dispute that Plaintiff's loss of the position that is awaiting her at the VA Medical Hospital, her obligation to repay the treble tuition that will be due under the VANEEP program, and her loss of her career based on a razor-thin failure, which is what will happen if relief is not granted, is classic irreparable injury.

Further, it is CRUCIAL that she not miss the first few days, where instructions are given and where patients meet their nurses. Her need for relief is immediate, as her disorder would make it even more difficult to "catch up". Moreover, she must sign lease contracts and go to Rio Grande immediately in order to attend classes on January 9, 2012.

**3. The Injunction Will Cause No Harm to Others, Much Less Significant Harm, and indeed is likely to Benefit Others.**

Defendant may claim that keeping Plaintiff on in the last semester, clinicals, while her case is decided, will hurt patients. This argument is baseless. Plaintiff comes from a clinical background as a practicing nurse at the VA Hospital in Cincinnati, where

her evaluations range from satisfactory to outstanding.  Her "failure" by 3 points on a 100 point scale (74 vice 77) on a single nursing course does not pose dire danger to patients.  Indeed, the school presumably provides some oversight on clinicals; doctors and senior nurses are but a few steps away.

**4. The Injunction Serves the Public Interest Because of the Strong Policy in Favor of Accommodating disabilities and Need for Nurses.**

There is a strong policy in favor of accommodating disabilities, written into the Acts underlying this lawsuit.  Furthermore, the shortage of skilled nurses is epidemic.  To lose, even for a year, a skilled nurse based on a tiny "failure" brought on by a failure to accommodate would be a tragic loss to Society.

### CONCLUSION

This Honorable Court should grant a TRO to preserve the status quo while Plaintiff's appeals are heard at Rio Grande.  Should the appeals be denied, the Court should grant a preliminary injunction permitting her to remain in class while this lawsuit is heard.

>*/s/ Robert F. Croskery*
>Robert F. Croskery (Ohio Bar 0064802)
>Croskery Law Offices
>810 Sycamore Street
>Cincinnati, OH 45202
>(513)232-5297
>Fax (513) 338-1992
>rcroskery@croskerylaw.com
>rcroskery@juno.com

### CERTIFICATE OF SERVICE

I CERTIFY that the foregoing Motion was sent to David Whitcomb, Esquire, attorney for Rio Grande University, by email to Dwhitcomb@bakerlaw.com, this 4th day of January 2012.

*s/Robert F. Croskery*
Attorney for Plaintiff
