
## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DUSHAWN SELLERS,**

    **Plaintiff,**

v.

**UNIVERSITY OF RIO GRANDE,**

    **Defendant.**

Case No. 2:12-CV-005

**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE TERENCE P. KEMP**

### OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff DuShawn Sellers's Motion for a Temporary Restraining Order, Preliminary, and Permanent Injunction (Doc. 2). For the reasons that follow, to the extent that Plaintiff's motion seeks a temporary restraining order, it is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff DuShawn Sellers ("Sellers") brings this action against Defendant University of Rio Grande ("University") for a violation of her rights under the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112. Sellers, a nursing student at the University who suffers from epilepsy and an accompanying anxiety disorder, makes the following allegations in her Complaint: Sellers is employed as a licensed practical nurse at the Veterans Administration medical facility ("VA") in Cincinnati, Ohio. (Compl. ¶ 5.) As part of her employment, she is required to complete a nursing education program known as VANEEP within two years by June 2012. (Compl. ¶ 8.) If Sellers does not successfully complete VANEEP by June 2012, she will lose her employment at

the VA and is required to pay back to the government triple the amount of tuition that VANEEP pays on her behalf to the University. (Compl. ¶ 9.)

Sellers initially began online courses for the VANEEP program with the University but transferred to the on-campus program in July 2011 due to her disability and her need for in-house instruction. (Compl. ¶ 11–13.) The University's Office of Accessibility admitted her disability and devised an Individual Accommodation Plan ("IAP") for Sellers, allowing her to receive accommodations including tutoring, separate test-taking, and extended test-taking time. (Compl. ¶ 16, Ex. A.)

In the fall semester of 2011, Sellers did not receive a passing grade in Nursing V (Medical Surgical Nursing), which was required to continue in the University's nursing program in the spring semester of 2012. (Compl. ¶ 32.) Sellers alleges that throughout the course, her professors did not provide the accommodations as required by the IAP, resulting in her failing the final exam by three points. (*Id.*) Sellers timely filed grievances under both the University's academic policy and the University's Office of Accessibility, requesting an upward adjustment of her grade by three points or alternatively, an opportunity to retake the final examination after tutoring. (Compl. ¶ 33.) Sellers also requested permission to take nursing classes while her grievances were reviewed by the University. (*Id.*)

As of the time of the filing of her complaint, the University had not yet reviewed Sellers's grievances. (Compl. ¶ 34.) Nor will the University review her grievances until classes begin on January 9, 2012. Sellers claims that failure to allow her to attend nursing classes could prevent her from successful completing the VANEEP program by June 2012 as required by her employment. (Compl. ¶ 35–36.) It is under these circumstances that Sellers filed this motion for a temporary restraining order.

2

## II. DISCUSSION

In determining whether a grant of a temporary restraining order or a preliminary injunction is appropriate under Federal Rule of Civil Procedure 65, a court should consider "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction." *Jones v. Caruso*, 569 F.3d 238, 254 (6th Cir. 2009) (citing *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Caruso*, 569 F.3d at 265 (citing *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).

Here, Sellers has made a colorable showing that she could succeed on the merits of her claim. Under the Vocational Rehabilitation Act, Sellers was entitled to, and requested, reasonable accommodations for her disability. The University admitted her disability and agreed upon several reasonable accommodations in the IAP, including tutoring, separate test-taking, and extended test-taking time. The parties dispute whether these accommodations were adequately provided to Sellers.

More significant, however, is the potential irreparable harm to Sellers. The University's own grievance process for Sellers's claims has not been finalized. While the Court would certainly like the benefit of the University's decision, Sellers could suffer irreparable harm if she is not permitted to attend nursing classes. Failing to allow Sellers to attend nursing classes would prevent her from a reasonable chance of successfully completing the VANEEP program, which could result in her losing her employment with the VA, as well as having to pay triple the amount of tuition that VANEEP pays on her behalf to the University.

Given the strong showing of potential irreparable harm to Sellers, the Court determines that issuing a temporary restraining order is necessary until a hearing can be held. Sellers may attend her nursing classes for the spring 2012 semester, which begin on January 9, 2012. The Court is mindful of the University's concern that some of the classes are in a clinical setting, thereby implicating patients. However, the University may impose reasonable limitations appropriate under the circumstances, as long as Sellers is given all of the same opportunities as other students to ensure completion of her classes. For example, if there is a procedure being taught in a clinical setting, Sellers does not have to be permitted to treat the patient, though she must be permitted to be present to see what is taught. Because the University can impose reasonable limitations on Sellers's treatment of patients, the issuance of the temporary restraining order will not cause others substantial harm. In addition, the public interest in affording accommodations for disabilities, as written into the ADA, favors Sellers.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Sellers has made the showing necessary for the issuance of a provisional temporary restraining order. The Court cautions both parties that this is meant to be a completely interim order crafted to ensure that the status quo is preserved until the University finalizes its own grievance process for Seller's claims.

Therefore, to the extent that Plaintiff's motion seeks a temporary restraining order (Doc. 2), it is **GRANTED** with the reasonable limitations articulated above. This Order shall be in effect through Tuesday, January 17, 2012, unless otherwise extended by future Order. Pursuant to Rule 65(c), Sellers shall give security in the amount of one hundred dollars ($100.00). A hearing on the extension of the temporary restraining order shall occur on **Tuesday, January 17, 2012 at 9:00 a.m.**

4

**IT IS SO ORDERED.**

**January 6, 2012**
**DATED**

*/s/ Edmund A. Sargus, Jr.*
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**