```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

DuShawn Sellers,                :

    Plaintiff,          :    Case No. 2:12-cv-005

 v.                             :    JUDGE EDMUND A. SARGUS, JR.
                                    Magistrate Judge Kemp
University of Rio Grande,       :

    Defendant.          :


OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's Motion to Compel Discovery and to Extend Time to Provide an Expert Report. Doc. No. 31. For the reasons that follow, the motion will be granted.

I.

Plaintiff DuShawn Sellers commenced this action against the University of Rio Grande claiming a violation of her rights under the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12112, in connection with her impending dismissal from the University's nursing program. Ms. Sellers suffers from epilepsy, resulting in occasional seizures, as well as an anxiety disorder. She claims that she was not given help, upon request, during certain examinations and that the examinations themselves were prejudiced against a person with her condition. She has worked as a licensed practical nurse at the VA Hospital in Cincinnati, Ohio since September 2007 and enrolled in the University's nursing program in order to maintain her employment.

The Court issued a temporary restraining order shortly after the action commenced, allowing Ms. Sellers to continue her

nursing studies. Following an evidentiary hearing, the Court denied Ms. Sellers' request for preliminary injunction, finding that there was no evidence of irreparable injury as it was undisputed that Ms. Sellers could return to her employment at the Cincinnati VA Hospital regardless of her enrollment in the University's nursing program.

The parties engaged in expedited discovery at the outset of this action, which included Ms. Sellers' requests for "documents . . . regarding testing information on Plaintiff and fellow students (i.e. scores, answer key, answers provided by students in response to test questions, etc.). . . ." Motion to Compel, Doc. No. 31, at 2. Counsel for Ms. Sellers states that, despite "several phone calls" to opposing counsel regarding production of the foregoing, the items sought have not been produced. Affidavit of Robert F. Croskery, attached to Motion to Compel, Doc. No. 31. According to Ms. Sellers' counsel, the documents "are needed for review by Plaintiff's expert witness in order to prepare her report." Motion to Compel, Doc. No. 31, at 2. Ms. Sellers' expert holds a doctorate degree in nursing and has also taught nursing. Ms. Sellers moves to compel production of the items sought and also moves to extend the deadline for her expert's report until twenty-one (21) days after such production.

The University argues that Ms. Sellers' motion should be denied for three reasons. First, the motion allegedly fails to comply with S.D. Ohio Local Rule 37.2; second, the documents sought are not relevant; and third, even if the documents are relevant, the harm that would be suffered from production of such confidential documents outweighs their relevance. The Court will address each of these arguments in turn.

II.

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure

authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976).  Therefore, Fed. R. Civ. P. 26 is to be liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D. Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best."  Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  See Fed. R. Civ. P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery, which can be

3

conducted without leave of court, has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party . . . ." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

### III.

The Court first addresses Defendant's argument that Ms. Sellers' motion to compel fails to comply with this Court's local rule. S.D. Ohio Local Rule 37.2 provides that "[o]nly those specific portions of the discovery documents reasonably necessary to a resolution of the motion shall be included as an attachment to it." While Ms. Sellers failed to attach a copy of either her initial expedited discovery requests or the Defendant's responses thereto in filing her motion to compel, she has attached a copy of Defendant's responses in connection with the filing of her Reply Memorandum, Doc. No. 33. In the Court's view, compliance with the local rule has now been satisfied.

Ms. Sellers seeks production of six items: First, a copy of the following examinations taken by Nursing V students, including herself: (a) Final exam; (b) Respiratory exam; (c) Cardiac exam; (d) Neurological exam; (e) any other exam taken in the course and counted toward the final course grade.

Second, a copy of the answer key for each of the following exams taken by students in Ms. Sellers' Nursing V class: (a)Final exam; (b) Respiratory exam; (c) Cardiac exam; (d) Neurological exam; (e) any other exam taken in the course and counted toward the final course grade.

Third and Fourth (the requests are identical), a copy, with student names redacted and identifying numbers substituted apart from DuShawn Sellers, of the answers given to the following exams

by all students in Ms. Sellers' course that passed Nursing V overall: (a) Final exam; (b) Respiratory exam; (c) Cardiac exam; (d) Neurological exam; (e) any other exam taken in the course and counted toward the final course grade.

Fifth, a copy of the validation analysis (such as Scantron validation), if any, that was run on each of the following exams from Ms. Sellers' Nursing V class: (a) Final exam; (b) Respiratory exam; (c) Cardiac exam; (d) Neurological exam; (e) any other exam taken in the course and counted toward the final course grade.

Sixth, a copy of the summary sheet of the entire class who took the following exams, showing how each question was answered and each student's score, if such analysis was done, with all student identifying information redacted apart from that of Dushawn Sellers: (a) Final exam; (b) Respiratory exam; (c) Cardiac exam; (d) Neurological exam; (e) any other exam taken in the course and counted toward the final course grade.

Defendant objects to each of the items of discovery sought. With respect to the first four items, however, Defendant stated in its initial response that it would make the items sought (examinations, answer keys and student answers) available for inspection by Plaintiff's attorney at Baker & Hostetler's Cincinnati office on January 27, 2012 at 2:00 p.m., or another agreeable time, subject to monitoring by a Baker & Hostetler attorney or paralegal, and upon agreement that no notes would be taken and no discussion be made, except with Plaintiff. See Exhibit 1 attached to Reply Memorandum, Doc. No. 33. It is unclear from the record whether this inspection in fact took place.

With respect to items five and six, Defendant objected to initial production on the basis that the items are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objected on the basis that the items

sought are confidential and protected from disclosure, and for the reason that Defendant has not located the documents sought. See Exhibit 1 attached to Doc. No. 33.

In the Court's view, the items sought by Ms. Sellers are indeed relevant or, at a minimum, are reasonably calculated to lead to the discovery of admissible evidence. The claims in this case center on the examinations taken as part of the Nursing V program. Clearly, Ms. Sellers is entitled to production of items one through four (the exams, answers, and answer keys used in the testing process), subject to the redaction of any personal, identifying information of other students. In the Court's view, simply viewing the items, as previously proposed by Defendant's counsel, is not a sufficient substitute for production of the documents themselves. According to Ms. Sellers' counsel, the expert witness "wishes to examine the tests to determine whether or not [they] were appropriately and fairly given, given a person with Plaintiff Sellers's limitations." Reply Memorandum, Doc. No. 33, at 2. The expert also wishes "to determine if the particular times when Plaintiff Sellers was not given the instruction she claimed she desired would have made a significant difference." Id. The Court finds these requests reasonable in view of the claims raised in this case.

With respect to production of items five and six (the validation analysis used, and summary sheet, if any), it is unclear whether such items exist for purposes of production. If these items exist, the Court concludes that they should be produced, again with the appropriate redactions in order to maintain confidentiality.

Ms. Sellers' motion to compel is meritorious. Her motion to extend the deadline to provide an expert report until twenty-one days after receipt of the documents is also meritorious in view of the stated objectives of the expert's proposed analysis. The

Court notes Defendant's concern that the motion to extend the time for the expert report has been extended previously.  The Court does not find, however, that an additional extension will prejudice Defendant or unduly protract the remainder of the pre-trial schedule in this case.

### IV.

In light of the foregoing, the Plaintiff's Motion to Compel and Extend Time, Doc. No. 31, is GRANTED.  The Defendant shall produce items one through six, to the extent they exist and subject to appropriate redaction measures, within fourteen (14) days of this Order.  The Plaintiff shall provide her expert report within twenty-one (21) days thereafter.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the opposing party are due seven days thereafter.  The District Judge, upon consideration of any motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge, S.D. Ohio Local Rule 72.3.

                         s/ Terence P. Kemp
                         United States Magistrate Judge